UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

------------------------------------------------------------x

DAISY BAKER, on her own behalf, and as
Administratrix of the Estate of DAVID BAKER,

                       Plaintiffs,                      **COMPLAINT**

vs.

CITY OF AURORA, JOHN DOES 1-7 and
JANE DOES 1-3,

                       Defendants.

------------------------------------------------------------x

       By and through her attorneys, Indra Wood Lusero, Esq. and Michael H. Sussman, Esq., DAISY BAKER alleges as follows:

I.      **PARTIES**

1.      Plaintiff Daisy Baker is a resident of the State of California, but formerly resided at all relevant times in the City of Aurora, County of Arapahoe, State of Colorado.

2.      Plaintiff Daisy Baker is the duly appointed administratrix of the Estate of David Baker, her deceased husband, and the father of their minor children.

3.      Plaintiff brings this lawsuit on her own behalf and on behalf of the estate.

4.      Defendant City of Aurora is a municipal corporation organized in and by the state of Colorado. It may sue and be sued under 42 U.S.C. section 1983 for municipal policies and practices which violate the constitutional rights of persons like David Baker and for wrongful death and may be held responsible for the reckless, grossly negligent and/or negligent acts of its employees.

5.  Defendant John Does 1-7 are unidentified male police officers who engaged in the use of excessive force as described below.

6.  Defendant Jane Does 1-3 are unidentified female police officers who engaged in the use of excessive force as described below.

II.  **JURISDICTION**

7.  As plaintiff initiates this wrongful death suit within two years of the decedent's killing, this Honorable Court has jurisdiction over this matter pursuant to 42 U.S.C. sections 1983 and 1988 and 28 U.S.C. sections 1331 and 1343.  The court has jurisdiction over plaintiff's ancillary or pendent claims pursuant to 28 U.S.C. section 1367.

III.  **STATEMENT OF RELEVANT AND MATERIAL FACTS**

8.  On December 17, 2018, at the decedent's place of residence at 10653 E. Jewell Avenue, Aurora, in and outside apartment G-148, between seven and ten members of the defendant City of Aurora Police Department engaged in excessive force against David Baker, ultimately causing his death.

9.  By autopsy report dated February 26, 2019, the Coroner of the County of Arapahoe determined that decedent Baker died of restraint asphyxia, that is of strangulation which curtailed his ability to breathe as a result of the excessive physical force employed by defendant police officers, or a subset of them, while others failed to intervene to protect the decedent's life.

10.  The autopsy stated, "Restraint asphyxia is associated with prone restraint with pressure on the upper torso, with concomitant handcuffing, leg restraint or hogtying."

11.  Before administration of said chokehold, according to the results of the autopsy, defendant unidentified police officers, John Does and Jane Does, repeatedly struck decedent's

2

face, neck, trunk, and extremities with collapsible baton strikes and applied at least six electronic restraints, i.e., tasers, to decedent.

12.   As a consequence of the use of such physical force, defendant police officers subdued and handcuffed decedent, who curtailed any resistance to their effort to apprehend him for minor infractions of the law, if any.

13.   Having so apprehended, subdued and handcuffed the decedent for minor, if any, violations of the penal law, defendants John Does 1-7 and Jane Does 1-3 collectively applied a fatal chokehold to him.

14.   The use of such a chokehold was not forbidden by the City of Aurora Police Department, an agency of the municipal government.

15.   However, by December 17, 2018, the use of such chokeholds had been routinely condemned both by experts in law enforcement administration and in and by numerous legal precedents.

16.   In this instance, the strangulation of a handcuffed person was unnecessary, an instance of excessive force and unwarranted by any legitimate law enforcement purpose; decedent had already been subdued and was under the control of law enforcement, making its use barbaric and wanton. Said strangulation could have been prevented by the intervention of bystander defendant police officers but they failed to take feasible actions to cause the cessation of the fatal chokehold.

17.   As the autopsy recounts, "He was ultimately held in a prone position and handcuffed with attempts at hobbling [hogtying], during which he became unresponsive."

18. The corner wrote in his autopsy, "The manner of death is classified as homicide.".

19. The police chief of the City of Aurora publicly lauded the members of his department for this homicide, finding no failing in their use of excessive force as described above and falsely narrating the events as between his subordinates and the decedent.

20. Defendant City of Aurora did not punish or sanction those who engaged in this excessive force against the decedent, reinforcing the longstanding tolerance of excessive force by the City of Aurora Police Department, particularly against persons of color.

21. The death of David Baker represented an entirely predictable outcome caused by the decedent's resistance to the direction by law enforcement that he leave his own apartment and the insistence of defendant officers that he do so despite his legal right to so occupy those premises.

22. Thereafter, rather than de-escalate the conflict between family members in that apartment, defendant officers escalated the confrontation with the decedent, demanding that he leave the premises where his children were residing and engaging in increasingly violent and forceful efforts to impose their will against the decedent.

23. In addition to their use of wanton force, as described above, defendant City of Aurora's failure to properly train defendant officers to de-escalate such a situation predictably and foreseeably led to the homicide they committed.

24. As a direct and proximate cause of the failure to train officers both with regard to proper de-escalation techniques and the impermissibility of applying a choke-hold to a person situate as the decedent was, defendant City of Aurora is jointly responsible for Baker's death.

25.     As a result of decedent's death, plaintiff and her children have been denied both of his companionship and guidance and his pecuniary support and assistance.

26.     By dint of the significant and substantial excessive force used against him, decedent suffered both physical pain and severe emotional distress and anguish.

IV.     **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION – WRONGFUL DEATH THROUGH DEFENDANT OFFICES' USE OF CONSTITUTIONALLY EXCESSIVE FORCE**

27.     Plaintiffs incorporate paras. 1-26 as if fully restated herein.

28.     By utilizing, or failing to intervene to present the use of, excessive force in their presence in violation of the Fourth Amendment, as made actionable by 42 U.S.C. section 1983, each named defendant police officer wrongfully caused the death of David Baker and actual pecuniary loss and non-pecuniary damages to his survivors, represented herein by plaintiff as Administratrix.

**SECOND CAUSE OF ACTION – SURVIVAL CLAIM FOR PAIN AND SUFFERING EXPEREINCED BY DECEDENT BY DINT OF DEFENDANTS EXCESSIVE FORCE**

29.     Plaintiffs incorporate paras. 1-28 as if fully restated herein.

30.     By utilizing or allowing the use of excessive force in their presence in violation of the Fourth Amendment, as made actionable by 42 U.S.C. section 1983, each named defendant police officer caused the decedent conscious pain and physical and mental suffering.

**THIRD CAUSE OF ACTION AGAINST CITY FOR VIOLATION OF FOURTH AMENDMENT ARISING FROM FAILURE TO PROPERLY TRAIN INDIVIDUAL DEFENDANTS**

31.     Plaintiffs incorporate paras. 1-30 as if fully restated herein.

32. By failing to train the individual defendant police officers with respect to the de-escalation of situations like that presented here and by failing to forbid the use of a chokehold upon an already restrained civilian, defendant City of Aurora violated the Fourth Amendment rights of David Baker, as made actionable by 42 U.S.C. section 1983, and caused him conscious pain and mental suffering.

### FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: DEFENDANTS ENGAGED IN RECKLESS AND/OR GROSS NEGLIGENCE ACTS OR OMISSIONS CAUSING DECEDENT'S WRONGFUL DEATH

33. Plaintiffs incorporate paras. 1-32 as if fully restated herein.

34. The individual defendants and each of them engaged in reckless and grossly negligent acts and omissions in their subduing of the decedent, causing his wrongful death and the injuries he and his survivors sustained as set forth above.

### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: DEFENDANTS ENGAGED IN NEGLIGENCE CAUSING DECEDENT'S WRONGFUL DEATH

35. Plaintiffs incorporate paras. 1-34 as if fully restated herein.

36. Individual defendants engaged in negligence in their subduing of the decedent, causing his wrongful death and the injuries he and his survivors sustained as set forth above.

37. Defendant City of Aurora bears responsibility for the negligent acts of its agents and assigns as set forth above.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs prays that this Honorable Court accept jurisdiction over this matter, empanel a jury to hear and determine all matters within its jurisdiction, award to plaintiff damages for the pecuniary and non-pecuniary loss she experienced and to her, as representative

of the estate, those damages due the decedent for the physical and mental pain and suffering defendants caused him, award plaintiffs' counsel reasonable attorneys fees and litigation costs pursuant to 42 U.S.C. section 1983 and enter any other order which is dictated by the interests of law and equity.

Dated:  9 December 2020

                                                       Respectfully submitted,

                                                       _____
                                                       INDRA WOOD LUSERO, ESQ.
                                                       8930 West 80th Drive
                                                       Arvada CO 80005
                                                       (303)-902-9402
                                                       indra@elephantcircle.org
                                                       Local Counsel for Plaintiff

                                                       _____
                                                       Michael H. Sussman, Esq.
                                                       Sussman & Associates
                                                       PO Box 1005
                                                       1 Railroad Avenue, Ste. 3
                                                       Goshen, NY 10924
                                                       (845)-294-3991
                                                       sussman1@sussman.law
                                                       Counsel for Plaintiff