IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03612-RBJ

_____

DAISY BAKER, on her own behalf, and as
Administratrix of the Estate of DAVID BAKER,

     Plaintiff,

v.

CITY OF AURORA,
JOHN DOES 1-7, and
JANE DOES 1-3,

     Defendants.

_____

### *CITY OF AURORA'S ANSWER*

_____

Defendant, City of Aurora, by and through its attorneys, Julia A. Bannon, Esq., and

Isabelle Sabra Evans, Esq., of the Aurora City Attorney's Office, submits the following Answer

to Plaintiff's Complaint.

## *I.  PARTIES*

1.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraphs 1, 2, and 3 of Plaintiff's Complaint and,

therefore, denies the same.

2.     As to paragraph 4 of Plaintiff's Complaint, Defendant admits only that the City of

Aurora is a municipal corporation and may be sued under 42 U.S.C. Section 1983 for violating

the constitutional rights of persons. Defendant denies the remaining allegation(s) contained in paragraph 4 of Plaintiff's Complaint.

3.     As to paragraphs 5 and 6 of Plaintiff's Complaint, Plaintiff has agreed to dismiss the John and Jane Doe Defendants. To the extent these paragraphs require a response, Defendant denies the allegations.

## II.  *JURISDICTION*

4.     Defendant incorporates by reference its responses contained in paragraphs 1 through 3 above as if fully set forth herein.

5.     As to paragraph 7 of Plaintiff's Complaint, Defendant admits only that this Honorable Court has jurisdiction over this matter pursuant to U.S.C. Section 1343. Defendant denies the remaining allegation(s) contained in paragraph 7 of Plaintiff's Complaint.

## III.  *STATEMENT OF RELEVANT AND MATERIAL FACTS*

6.     Defendant incorporates by reference its responses contained in paragraphs 1 through 5 above as if fully set forth herein.

7.     Defendant denies the allegations contained in paragraphs 8, 12, 13, 15, 16, 19, 21, 22, 23, 24, 25, and 26 of Plaintiff's Complaint.

8.     As to paragraph 9 of Plaintiff's Complaint, Defendant admits only that decedent Baker died of asphyxia, with multiple other contributing factors. Defendant denies the remaining allegation(s) contained in paragraph 9 of Plaintiff's Complaint.

9.     Defendant admits the allegations contained in paragraphs 10, 17, and 18 of Plaintiff's Complaint.

10.     As to paragraph 11 of Plaintiff's Complaint, Defendant admits only that Officers utilized batons and TASERs upon Mr. Baker during a struggle.  Defendant denies the remaining allegation(s) contained in paragraph 11 of Plaintiff's Complaint.

11.     As to paragraph 14 of Plaintiff's Complaint, Defendant admits only that chokeholds were not forbidden by law at the time of this incident.  Defendant denies the remaining allegation(s) contained in paragraph 14 of Plaintiff's Complaint.

12.     As to paragraph 20 of Plaintiff's Complaint, Defendant admits only that the City of Aurora did not discipline the Officers who responded to the incident involving the decedent.  Defendant denies the remaining allegation(s) contained in paragraph 20 of Plaintiff's Complaint.

## IV.  *CAUSES OF ACTION*

### FIRST CAUSE OF ACTION
### WRONGFUL DEATH THROUGH DEFENDANT OFFICES' USE OF CONSTITUTIONALLY EXCESSIVE FORCE

13.     Defendant incorporates by reference its responses contained in paragraphs 1 through 12 above as if fully set forth herein.

14.     As to paragraph 28 of Plaintiff's Complaint, Plaintiff has agreed to dismiss the First Cause of Action.  To the extent this Claim requires a response, Defendant denies the allegation(s).

### SECOND CAUSE OF ACTION
### SURVIVAL CLAIM FOR PAIN AND SUFFERING EXPERIENCED BY DECEDENT BY DINT OF DEFENDANTS EXCESSIVE FORCE

15.     Defendant incorporates by reference its responses contained in paragraphs 1 through 14 above as if fully set forth herein.

16.     As to paragraph 30 of Plaintiff's Complaint, Plaintiff has agreed to dismiss the Second Cause of Action.  To the extent this Claim requires a response, Defendant denies the allegation(s).

### *THIRD CAUSE OF ACTION*
### *AGAINST CITY FOR VIOLATION OF FOURTH AMENDMENT*
### *ARISING FROM FAILURE TO PROPERLY TRAIN INDIVIDUAL DEFENDANTS*

17.     Defendant incorporates by reference its responses contained in paragraphs 1 through 16 above as if fully set forth herein.

18.     Defendant denies the allegation(s) contained in paragraph 32 of Plaintiff's Complaint.

### *FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS*
### *DEFENDANTS ENGAGED IN RECKLESS AND/OR GROSS NEGLIGENCE ACTS OR*
### *OMISSIONS CAUSING DECEDENT'S WRONGFUL DEATH*

19.     Defendant incorporates by reference its responses contained in paragraphs 1 through 18 above as if fully set forth herein.

20.     As to paragraph 34 of Plaintiff's Complaint, Plaintiff has agreed to dismiss the Fourth Cause of Action.  To the extent this Claim requires a response, Defendant denies the allegation(s).

### *FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS*
### *DEFENDANTS ENGAGED IN NEGLIGENCE*
### *CAUSING DECEDENT'S WRONGFUL DEATH*

21.     Defendant incorporates by reference its responses contained in paragraphs 1 through 20 above as if fully set forth herein.

22.     As to paragraphs 36 and 37 of Plaintiff's Complaint, Plaintiff has agreed to dismiss the Fifth Cause of Action.  To the extent this Claim requires a response, Defendant denies the allegation(s).

### *GENERAL DENIAL*

Defendant denies each and every allegation not specifically admitted herein.

### *DEFENSES*

### *FIRST DEFENSE*

Plaintiff has failed to state a valid claim upon which relief can be granted.

### *SECOND DEFENSE*

At all times material, Plaintiff was accorded all rights, privileges and immunities guaranteed by the Constitution and laws of the United States of America.

### *THIRD DEFENSE*

As to the Section 1983 claims, the City cannot be held liable on the basis of respondeat superior.  *Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).*

### *FOURTH DEFENSE*

The training and supervision of Officers of the Aurora Police Department met or exceeded constitutional and statutory standards.

### *FIFTH DEFENSE*

The City of Aurora is not liable for exemplary damages pursuant to Colorado and federal law.

## SIXTH DEFENSE

Defendant reserves the right to assert any and all additional affirmative defenses.

WHEREFORE, Defendant, having answered Plaintiff's Complaint, prays that this Court dismiss the same and for such other and further relief as the Court deems proper.

Dated: March 24, 2021.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY

s/ *Julia A. Bannon*
Julia A. Bannon
Isabelle Sabre Evans
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado 80012
Telephone: (303) 739-7030
Facsimile: (303) 739-7042
E-mail: jbannon@auroragov.org
ATTORNEYS FOR DEFENDANT THE
CITY OF AURORA

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2021, I electronically filed the foregoing *CITY OF AURORA'S ANSWER* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Indra Wood Lusero, Esq.
lusero.indra@gmail.com

Michael H. Sussman, Esq.
Sussman1@sussman.law

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

s/ *Cindy Selden*
Cindy Selden