# SUSSMAN & ASSOCIATES
- *Attorneys at Law* -

| MICHAEL H. SUSSMAN | 1 Railroad Ave. - Suite 3 | LEGAL ASSISTANT |
| JONATHAN R. GOLDMAN | P.O. Box 1005 | SARAH OSBORNE |
| | Goshen, New York 10924 | |
| | | CHRISTOPHER D. WATKINS |
| | (845) 294-3991 | of Counsel |
| | Fax: (845) 294-1623 | |
| | sussman1@frontiernet.net | |

October 4, 2021

Hon. N. Reid Neureiter
Magistrate Judge - United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse, Room A105
901 19th Street
Denver, CO 80294-3589

    Re: **Daisy Baker, as Administratrix of the Estate of David Baker v. City of Aurora,
        20 cv 03612 (NRN)**

Dear Judge Neureiter,

    I represent plaintiff in this matter and write to request a forty five day extension of discovery to allow for expert disclosure in the instant wrongful death case.

    By way of brief background, after a lengthy and violent struggle between the decedent and three members of the City of Aurora Police Department, the officers gained control of David Baker and one officer, Stoller, got on Baker's back. Following Baker's death, the COA investigated the case and interviewed about a dozen officers who responded to the scene. None, including Officer Stoller, described the use of a carotid hold once Baker was prone and PO Stoller on top of him.

    Last week, at his deposition, PO Stoller testified that, he did apply a carotid hold on Baker for five minutes, justifying this with the claim that Baker was continuing to resist. This latter claim is not validated by any of the extensive available video from officer recordings.

    I wish to employ a police practices expert [who I have identified] and a forensic pathologist [who I also have identified] to provide expert reports within three weeks regarding this incident, specifically focusing on the police practices used during the incident and the cause of death. There is an autopsy conducted by the Arapahoe County ME which ruled Mr. Baker's death a homicide by restraint asphyxia. The City of Aurora banned the use of carotid holds in June 2020.

The current scheduling order required me to produce expert disclosure long before the end of fact discovery. I did inquire of defendant counsel several months ago whether they would agree to allow expert discovery to succeed fact discovery, allowing my experts the benefit of deposition testimony upon which they could base their opinions. On the two occasions I raised this, defendant counsel objected to any alteration of the discovery schedule arguing that I agreed it, which is true. However, providing expert reports in a case like this, long before the completion of fact discovery, was not practical and I should never have agreed to this at the outset of the litigation.

The current request certainly does not prejudice defendant. Nor will it extensively elongate resolution of this matter. It is supported by good cause in that the revelation last week that PO Stoller did use a carotid hold [a form of chokehold] for five minutes on Mr. Baker is a highly significant fact which would have caused my experts to have to re-evaluate any timely submitted expert reports. This extension to allow me to provide expert reports and allow the depositions of these experts [should COA counsel wish to so proceed] is warranted and certainly in the interests of justice.

Thank you for Your Honor's consideration in these regards.

Respectfully submitted,

Michael H. Sussman

cc: Julia Bannon, Esq.